UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN J PEREZ,

        Plaintiff,

v.                                          Case No. 22-cv-1265-bhl

LT. BRASS, et al,

        Defendants.

## AMENDED SCREENING ORDER

      On October 25, 2022, Plaintiff Kevin J. Perez, proceeding without counsel, filed a complaint and motion for leave to proceed without prepayment of the filing fee. (ECF Nos. 1 & 2). The Court has authority to allow a litigant to proceed without prepaying the filing fee if the Court determines that the litigant is unable to pay the costs of commencing the action and the action is not frivolous, fails to state a claim, or is brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2). In the Court's October 27th Order, the Court found Perez sufficiently indigent for a fee waiver and allowed Perez to proceed *in forma pauperis*. (ECF No. 4.) The Court's initial screening order did not clarify the particular defendants against whom Perez had adequately asserted claims and, perhaps as a consequence, the US Marshals were unable to execute service of Perez's complaint. (ECF No. 6.) To assist the US Marshals' efforts and hopefully move this case forward, the Court will renew and revise its review of Perez's complaint for sufficiency.

      Under Fed. R. Civ. P. 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Perez alleges that on October 7, 2019, he observed Tony Lawrence driving erratically, possibly under the influence of drugs. (ECF No. 1 at 2.) Perez asked Lawrence to slow down, but Lawrence grabbed him, sped away, dragging Perez beside the car while going 45 miles per hour, despite his protests. (*Id.*) After losing consciousness, Perez woke up, requested EMT services for his injuries, and subsequently encountered two police officers from whom he also requested help. (*Id.* at 2–3.) Lawrence told a different story than

Perez, and Perez alleges that once the police officers realized he was on felony bond, the City of Kenosha Police Department believed he "had no civil liberties," resulting in a fraudulent report filed by an unknown officer. (*Id.* at 3.)

Based on this series of events and the filing of the false report, Perez alleges that Defendants violated his 5th and 14th Amendment rights. (ECF No. 1 at 2–3.) More specifically, Perez alleges five counts under 42 U.S.C. §1983 and §1985: (1) conspiracy to deprive Perez of his constitutional rights, (2) conspiracy to obstruct justice based on discrimination, (3) violation of equal protection, (4) deprivation of due process, and (5) a *Monell* claim for municipal liability. (ECF No. 1 at 6–24.) As Defendants, Perez names Lieutenant Brass, Tony Lawrence, several unidentified "John Doe Police Officers," the "Kenosha County Sheriff['s] Department," the City of Kenosha, and Kenosha County. (*Id.* at 1.)

To hold a person liable for a constitutional violation under Section 1983, a plaintiff must allege and prove that the defendant acted under color of state law. *See* 42 U.S.C § 1983; *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022) ("The traditional understanding of what it means for an official to act 'under color of state law' encompasses misconduct by officials exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (quoting *West v. Adkins*, 487 U.S. 42, 49 (1988)). Perez's claim against Lawrence thus fails; the complaint does not suggest that Lawrence is a state employee or otherwise acted under color of state law. *See Wilson v. Price*, 624 F.3d 389, 392 (7th Cir. 2010) (citing *Askew v. Bloemker*, 548 F.2d 673, 677 (7th Cir. 1976)). Because the Court cannot plausibly infer that Lawrence was a state actor, Perez's claims against Lawrence cannot proceed.

Perez's claims against the Kenosha County Sheriff's Department and the Kenosha Police Department fail for similar reasons. As discussed above, Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law. It is well-established that a county sheriff's department "is not a legal entity separable from the county government which is serves," and is therefore not subject to suit under Section 1983. *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Likewise, a city police department like the Kenosha Police Department is also not a proper defendant. *Best v. City of Portland*, 554 F.3d 698, 698 n.\* (7th Cir. 2009) ("[A] police department is not a suable entity under [Section] 1983."). Perez cannot proceed with claims against either entity.

Perez likewise has failed to state a claim against the City of Kenosha. In his complaint, Perez alleges he received a Kenosha County Sheriff's Department ticket that was later escalated to three felony bail-jumping charges and a disorderly conduct misdemeanor. (ECF No. 1 at 4.) Most of his factual allegations stem from this Sheriff's Department ticket, which Perez claims was fraudulently filed. (*See id.* at 5.) The Sheriff's Department is not a part of the City of Kenosha; it is a part of the County. As a result, Perez has not pled enough facts to link the City of Kenosha to the claims in his complaint and his claims against the City will therefore be dismissed.

Read generously, Perez's complaint adequately asserts claims against only Lieutenant Brass, the unnamed Doe police officers, and Kenosha County. Perez alleges that Lieutenant Brass and the unnamed John Doe officers conspired to deprive him of his constitutional rights pursuant to the policies and practices of the Kenosha County police department. (*See id.* at 6–7.) These allegations, combined with the balance of the complaint, are just enough to provide "fair notice of what the claim[s] [are] and the grounds upon which [they] rest" as to the unnamed officers and Kenosha County. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (quoting *Lang v. TCF Nat'l Bank*, 249 F. App'x 464, 466 (7th Cir. 2007)). Accordingly, the Court will allow Perez to proceed on Section 1983 claims against those defendants.

At this point, however, Perez lacks sufficient information about the identities of the individual defendants he is suing. The Court will therefore add Kenosha County Sheriff David G. Beth as a defendant for the limited purpose of helping the plaintiff identify the names of the Doe Defendants and to enable him to obtain further information about Defendants Brass. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). The Court will order the Marshals to serve Sheriff Beth with the plaintiff's complaint and a copy of this order. Sheriff Beth does not have to respond to the complaint. After Sheriff Beth's lawyer files an appearance in this case, the plaintiff may serve discovery upon Sheriff Beth (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the names of the defendants.

For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff does not state a claim against Sheriff Beth, the plaintiff's discovery requests must be limited to information or documents that will help him learn the names of the defendants he is suing. The plaintiff may not ask Sheriff

Beth about any other topic, and Sheriff Beth is under no obligation to respond to requests about any other topic.

After Plaintiff learns the names of the people he alleges violated his constitutional rights, he must file a motion informing the Court of the defendants' names. The court will dismiss Sheriff Beth as a defendant once the plaintiff identifies the defendants' names. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the names of the John Doe defendants within **sixty days** of Sheriff Beth's attorney appearing. If he does not or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. Civil L. R. 41(c).

Accordingly,

**IT IS ORDERED** that Sheriff Beth shall be named as a defendant for the limited purpose of helping Plaintiff identify the defendants' names. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order on Sheriff Beth under Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that Sheriff Beth does not have to respond to Plaintiff's complaint; however, he must respond to Plaintiff's discovery requests as described in this order.

**IT IS FURTHER ORDERED** that the plaintiff must identify the names of the Doe defendants within **sixty days** of Sheriff Beth's lawyer filing a notice of appearance in the case. If he does not identify their names or does not explain to the court why he is unable to do so by the deadline, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

**IT IS FURTHER ORDERED** that the complaint shall be dismissed with prejudice with regards to Tony Lawrence and the Kenosha County Sheriff's Department.

**IT IS FURTHER ORDERED** that the complaint shall be dismissed *without* prejudice with regards to the City of Kenosha.

Dated at Milwaukee, Wisconsin on January 9, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge