UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN J PEREZ,

              Plaintiff,

v.                                                                                          Case No. 22-cv-1265-bhl

LT. BRASS, et al,

              Defendants.

## ORDER

On October 25, 2022, Plaintiff Kevin J. Perez, proceeding without counsel, filed a complaint alleging that certain defendants violated his 5th and 14th Amendment rights by filing a false police report. As defendants, Perez's complaint named two individuals, "Lt. Brass" and Tony Lawrence, along with the "Kenosha County Sheriff," the City of Kenosha, the Kenosha County Sheriff's Department, and other unnamed police officers. (ECF No. 1.) Perez also asked for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On October 27, 2022, the Court found Perez sufficiently indigent for a fee waiver and allowed him to proceed *in forma pauperis*. (ECF No. 4.) After the U.S. Marshals were unable to serve Perez's complaint on any of the named defendants, the Court entered a revised screening order, clarifying the defendants against whom Perez could proceed and on whom the U.S. Marshals should reattempt service. (ECF Nos. 6 & 7.)

In the revised screening order, the Court specifically dismissed Perez's claims against Tony Lawrence, the City of Kenosha, and the Kenosha County Sheriff's Department but allowed him to proceed on claims against Lieutenant Brass, the unnamed Doe police officers and Kenosha County. (ECF No. 7 at 2.) The Court also added Kenosha County Sheriff David G. Beth as a nominal defendant for the limited purpose of helping the plaintiff identify the names and addresses of the Doe Defendants and Defendant Brass sufficient to permit service. (*Id.* at 3.) The Court explained that Perez could serve interrogatories or document requests on Sheriff Beth to obtain information about the defendants and instructed him to file a motion informing the Court of the defendants' names once he had done so. (*Id.* at 3–4.) The Court gave Perez sixty days from the date of Sheriff Beth's attorney's appearance in which to accomplish this goal. (*Id.* at 4.)

The U.S. Marshals successfully served Sheriff Beth on January 10, 2023. (ECF No. 12.) About a month later, on February 7, 2023, three attorneys then filed notices of appearance on behalf of both Sheriff Beth and Lieutenant Brass. (ECF Nos. 9–11.) Under the revised screening order, Perez had sixty days from the date counsel appeared—until April 10, 2023—to identify the Doe Defendants and provide further information to assist in serving them and Lieutenant Brass. (ECF No. 7.) On March 20, 2023, Perez filed a letter with the Court suggesting that he believed all the proper parties had been both identified and *served*. (ECF No. 13.) Nothing in Perez's filing identified the Doe Defendants or explained how service on Lieutenant Brass or the Doe Defendants had been accomplished. On May 11, 2023, the Court entered an order to clarify the record and move the case forward. (ECF No. 14.) The Court ordered the lawyers who had appeared for Sheriff Beth and Lieutenant Brass to confirm whether they had accepted service on Lieutenant Brass. (*Id.*) The Court dismissed Sheriff Beth as a nominal defendant[1] and gave Perez an additional fourteen days to notify the Court of the names and addresses of the Doe Defendants. (*Id.*)

On May 18, 2023, Counsel who appeared for Sheriff Beth responded to the Court's order and reported that the Kenosha County Sheriff's Office had not identified anyone named Brass who was employed by them during the time period in question. (ECF No. 15.) Counsel suggested that perhaps Perez was confusing the City of Kenosha and its police officers with Kenosha County and its sheriff's deputies. (*Id.*) Counsel also confirmed that she was not authorized to accept service on behalf of Lieutenant Brass.

Perez has not filed anything since the Court's May 11 Order. This failure, coupled with Counsel's report that there is no Lieutenant Brass working for the Kenosha County Sheriff, leaves nothing of potential merit left in this lawsuit. Having allowed Perez several months to identify suitable defendants against which to proceed, Perez has failed to do so. Based on Counsel's representation that no Lieutenant Brass is or was employed with the Kenosha County Sheriff, the Court will dismiss Perez's claim against that defendant. And given Perez's failure to identify the Doe Defendants, the Court will dismiss those defendants too. At the end of this long procedural saga, Perez has not identified or served any defendants against whom he has even potentially viable

---

[1] The Court, noting it had overlooked that Perez's complaint named the Kenosha County Sheriff, i.e. Sheriff Beth, as a defendant, also dismissed Sheriff Beth as defendant in the May 11th Order. (ECF No. 14 at 1 n.1.) Section 1983 liability requires personal involvement, and Perez's complaint did not plausibly allege any personal involvement by Sheriff Beth. (*See id.*); *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

claims in this case, despite efforts by the Court to assist him. The Court will therefore dismiss Perez's complaint without prejudice under Civil Local Rule 41(c).

The Court is sympathetic of Perez's status as a *pro se* litigant, and notes that it has an obligation to "view the pro se complaint with an understanding eye" and "to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). But it has provided Perez several chances to obtain the information necessary to prosecute his case and has heard little to nothing from him in return.[2] *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) (per curiam) ("As we often have reminded litigants, even those who are pro se must follow court rules and directives."). There are no more "appropriate measures" the Court can take to encourage Perez to prosecute his case beyond those already provided to him. *See Malone v. Foster Wheeler Constructors, Inc.*, 21 F. App'x 470, 472 (7th Cir. 2001) (noting that district courts have the authority to dismiss actions for failure to prosecute as part of its "control necessarily vested in courts to achieve the orderly and expeditious disposition of cases") (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Therefore, the Court will dismiss his case without prejudice for failure to prosecute.

Accordingly,

**IT IS HEREBY ORDERED** that the case is **DISMISSED without prejudice** for failure to prosecute. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on June 12, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[2] Perez filed a letter on March 20, 2023 that indicated to the Court that he was saving money to buy expensive civil litigation books. (ECF No. 13.) That letter did not identify any defendants.